# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

HUGH MOSLEY,

    Plaintiff,

v.

EXCALIBUR HOTEL & CASINO.,

    Defendant.

2:12-cv-02053-RCJ-VCF

**REPORT & RECOMMENDATION**

Application to Proceed *In Forma Pauperis* (#1)

Before the court are *pro se* plaintiff Hugh Mosley's Motion/Application To Proceed *In Forma Puaperis* (#1) and complaint (#1-1). The court held a hearing on January 7, 2013.

**Motion/Application (#1)**

Plaintiff Hugh Mosley asserts in his application to proceed *in forma pauperis* that he is unemployed, but receives $614.00 a month in retirement and $1,781.00 in disability. (#1). Plaintiff states that his wife works for CCSD and has a gross monthly income of $1,334.00. *Id.* Plaintiff also states that he and his wife do not have any cash and have a zero balance in both checking accounts. *Id.* Plaintiff's monthly expenses include, $1,095 in rent, $1,000 in utilities, $200 in food, $50 in laundry, $100 in medical and dental expenses, $40 in recreation, $54 in life insurance, $160 in health insurance, and $216 in car insurance. *Id.* Plaintiff's wife has a monthly credit card bill of $140.00. *Id.* Plaintiff states that he paid $850 to a paralegal for services in connection with this case. *Id.*

Pursuant to 28 U.S.C. § 1914(a), a filing fee of $350.00 is required to commence a civil action in federal district court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. 28 U.S.C. § 1915(a)(1). The standard in 28 U.S.C. § 1915(a)(1) for *in forma pauperis* eligibility is "unable to pay such fees or give security therefor."

Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g., Fridman v. City of New York*, 195 F.Supp.2d 534, 536 (S.D.N.Y.), aff'd, 52 Fed.Appx. 157 (2nd Cir. 2002).

"The Court is. . . mindful that plaintiffs are charged with income to which they have access, such as their spouse's income or other household income, when determining applications to proceed *in forma pauperis.*" *Crawford v. Kern County County Sch. Dist. Bd. of Trustees*, 110CV00425OWWJLT, 2010 WL 1980246 (E.D. Cal. May 12, 2010) report and recommendation adopted sub nom. *Crawford v. Kern County Sch. Dist. Bd. of Trustees*, 1:10CV-0425-OWW-JLT, 2010 WL 2555637 (E.D. Cal. June 21, 2010)(citing *United States v. Marty*, 2010 U.S. Dist. LEXIS 2783 (E.D.Cal.2010) citing *Monti v. McKeon*, 600 F.Supp. 112, 114 (D.Conn.1984) ("in ruling on motions to proceed *in forma pauperis*, ... courts have considered the income of interested persons, such as spouses and parents, in evaluating the funds available to the movant ... If plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.").

Based on the plaintiff's application (#1), including his wife's income, the court finds that plaintiff has the ability to pay the fees associated with bringing this action. Plaintiff asked the court during the hearing if he could make payments to the court. However, pursuant to internal court policies, a plaintiff is only permitted to commence an action without <u>full</u> payment of the filing fee if *in forma pauperis* is granted. Accordingly, upon consideration of the financial information provided, and to maintain the integrity of the indigent request process, the court recommends the court deny[1] plaintiff's

---

[1] As the court is recommending denying plaintiff's motion/application (#1), the court need not screen plaintiff's complaint under 1915(e). However, as the court stated during the hearing, upon a review of the complaint, plaintiff may want to retain an attorney or consult with an attorney regarding this action, specifically his § 1983 claim. To assert a claim under § 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S.*, 781 F.2d 1334, 1338 (9th Cir. 1986); see also *West v. Atkins*, 487 U.S. 42, 48 (1988); *Long v. County of Los Angeles*, 442 F.3d 1178, 1185

application to proceed *in forma pauperis* (#1) and provide plaintiff sixty (60) days from the entry of this order to pay the $350 filing fee.

### RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that the court provide plaintiff sixty (60) days from the entry of this order to pay the $350 filing fee and order the Clerk to file the complaint (#1-1) upon receipt of the filing fee.

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and

. . .

. . .

. . .

. . .

---

(9th Cir. 2006). Persons acting under color of state law typically include officials who in some capacity represent either the state, city or county government. See *Monroe v. Pape*, 365 U.S. 167 (1961), partially overruled on other grounds by *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 663 (1978).

Plaintiff names Excalibur Hotel, MGM Resorts International, and DOES and ROES as defendants.  (#1-1). Plaintiff does not allege that these defendants acted "under color of state law," and they are not in a capacity to represent city, state, or county government.  The court advises plaintiff that there are several organizations available to help plaintiff retain a lawyer or obtain legal advice, including: (1) Legal Aid Center http://www.lacsn.org/ or call (702) 386-1070, (2) State Bar of Nevada's "Lawyer Referral & Information Service" at  http://www.nvbar.org/ or (702) 382-0504, and (3) Federal Court "Ask A Lawyer Program," which will hold future sessions on a quarterly basis (for upcoming dates visit www.lacsn.org/federal or call (702) 386-1070).

3

brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 7th day of January, 2013.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

4