# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

HUGH MOSLEY,

        Plaintiff,

vs.

NEW CASTLE CORP.,

        Defendant.

Case No.: 2:12-cv-02053-RCJ-NJK

**ORDER**

This case arises out of alleged discrimination in violation of the Americans with Disabilities Act ("ADA"). Pending before the Court is a Motion to Dismiss (ECF No. 23). For the reasons given herein, the Court grants the motion in part.

## I.   FACTS AND PROCEDURAL HISTORY

Plaintiff Hugh Mosley was a chef for Defendant New Castle Corp, d.b.a. Excalibur Hotel & Casino from July 18, 1991 until his termination on November 16, 2009. (Second Am. Compl. ¶¶11, 28, Aug. 28, 2013, ECF No. 12). At all times, he adequately performed his job. (*Id.* ¶ 15). In or about November 2006, Plaintiff was diagnosed with prostate cancer. (*Id.* ¶ 16). Plaintiff apprised Defendant of his medical diagnosis, and he went on short-term disability status for his treatments. (*Id.* ¶¶ 18–19). Upon his return to work, he suffered the common side effects of his disease and treatment of incontinence. (*Id.* ¶¶ 17, 20). He addressed the condition with

appropriate hygienic precautions and measures, which included having to take short breaks from time to time to deal with the condition. (*Id.* ¶ 20).  However, Plaintiff immediately became subject to criticism concerning his work performance and hygiene, which criticism escalated until his termination. (*Id.* ¶¶ 21–22).  The harassment included blaming Plaintiff for unsanitary conditions in the workplace that were in fact the fault of co-workers or management, not Plaintiff. (*See id.* ¶¶ 23, 25).  Plaintiff's supervisors accused him of being unsanitary, despite their knowledge that the condition was related to a disability and that Plaintiff's precautions prevented any suggestion of contamination in the kitchen area. (*See id.* ¶¶ 24, 26–27).  Defendant terminated Plaintiff on November 16, 2009. (*Id.* ¶ 28).

Plaintiff sued Defendant *in pro se* in this Court on November 30, 2012.  The magistrate judge recommended denial of Plaintiff's motion to proceed *in forma pauperis* based upon his income reported in his affidavit of poverty.  The Court adopted the recommendation.  Plaintiff proceeded, and he filed the First Amended Complaint ("FAC") on June 13, 2013, alleging: (1) employment discrimination under the ADA; (2) employment discrimination under Nevada law; (3) breach of the implied covenant of good faith and fair dealing; (4) negligence; and (5) declaratory relief.  Plaintiff filed the Second Amended Complaint on August 28, 2013, adding no substance, but changing the name of Defendant in the caption.  Defendant has moved to dismiss.

## II.   LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted.  A motion to dismiss under Rule

12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts pertaining to his own case making a violation plausible, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009) (citing *Twombly*, 550 U.S. at 556) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").  In other words, under the modern interpretation of Rule 8(a), a plaintiff must not only specify or imply a cognizable legal theory (*Conley* review), but also must plead the facts of his own case so that the court can determine whether the plaintiff has any plausible basis for relief under the legal theory he has specified or implied, assuming the facts are as he alleges (*Twombly-Iqbal* review).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents

whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

III.   ANALYSIS

First, Defendant asks the Court to strike the SAC because Plaintiff filed it without leave of the Court, and to dismiss the FAC because Plaintiff failed to serve it within 120 days of filing it.  The Court denies the motion in this regard.  As Plaintiff notes in response, he only filed the SAC to change the name of Defendant in the caption because Defendant's registered agent refused to accept service until he did so.  The Court retroactively grants any extension of time to serve that may have been necessary.

Second, the Court grants the remainder of the motion, which asks the Court to dismiss the claims for breach of the implied covenant of good faith and fair dealing, negligence, and declaratory judgment.  There can be no bad faith claim, because no contract is alleged;[1] no

---

[1] Plaintiff argues in the SAC that the at-will employment relationship here amounted to a contract, (*see* Second Am. Compl. ¶¶ 72–73), but that is not true.  An at-will employment relationship is by default any employment relationship governed by no contract, i.e., the two are mutually exclusive. *See Am. Bank Stationery v. Farmer*, 799 P.2d 1100, 1101–02 (Nev. 1990) (citing *Bally's Employees' Credit Union v. Wallen*, 779 P.2d 956, 957 (Nev. 1989)) ("We note that all employees in Nevada are presumed to be at-will employees.  An employee may rebut this presumption by proving by a preponderance of the evidence that there was an express or implied

negligence is alleged, but only intentional conduct, and no personal injury in any case; and no declaration is sought beyond the scope of the causes of action separately pled.  Defendant has not moved on the merits against the statutory claims.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 23) is GRANTED IN PART and DENIED IN PART.  The claims for breach of the implied covenant of good faith and fair dealing, negligence, and declaratory judgment are DISMISSED.

IT IS SO ORDERED.

Dated this 28th day of May, 2014.

_____
ROBERT C. JONES
United States District Judge

---

contract between his employer and himself that his employer would fire him only for cause."). Plaintiff has made no allegation of any express or implied for-cause requirement upon the termination of his employment relationship with Defendant.  The duty of good faith and fair dealing only arises where there is in fact a contract. *E.g.*, *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.*, 862 P.2d 1207, 1209 (Nev. 1993) (citing *A.C. Shaw Constr., Inc. v. Washoe Cnty.*, 784 P.2d 9, 9–10 (Nev. 1989)).